UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CR-00060 AGF SPM ) ) |
| SHAQUILLE KIRKENDOLL, | ) ) |
| Defendant. | ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are SHAQUILLE KIRKENDOLL (hereinafter, "Defendant"), represented by Defense Counsel Adam Fein, and the United States of America (hereinafter "United States"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

**A.    The Plea:**    Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count One Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the

Page **1** of **12**

events set forth in the Indictment.

**B.     The Sentence:**    The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **The parties further agree to jointly recommend a sentence of forty-two months at the time of sentencing**. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.     ELEMENTS:**

**A.     Count One**: As to Count One of the Indictment, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

**(i)**     Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

**(ii)**    Defendant, thereafter, knowingly possessed a firearm;

**(iii)**   At the time Defendant knowingly possessed a firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year; and,

**(iv)**   The firearm was transported across a state line at some point during or before Defendant's possession of it.

**4.     FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 17, 2020, at or around 1000 hours, Saint Louis Metropolitan Police were in Lewis Place conducting a routine patrol when police observed a blue BMW 528i without a front license plate stopped on Marcus Avenue. The officers observed the BMW 528i first signal to turn onto westbound Page Street before eventually turning eastbound after a lengthy wait. The officers further observed that the vehicle's sole occupant, later identified as Defendant, was wearing a black hooded sweatshirt.

Defendant, upon seeing the officers, abruptly stopped his vehicle and made a southbound turn onto Rev. G. H. Pruitt, a one-way northbound street. The officers continued eastbound on Page Street before circling back to Rev. G. H. Pruitt, where they observed Defendant turning onto eastbound Page Street. The officers then ran Defendant's license plates and discovered that Defendant's vehicle was registered to an address that was located less than a mile from their present location.

The officers activated their emergency lights to effectuate a traffic enforcement stop. But, Defendant drove away at a high rate of speed before turning southbound onto North Taylor Street, where he disregarded numerous traffic control devices and otherwise recklessly endangered others while fleeing from the officers  Defendant then turned eastbound on Delmar Street, at which time, the officers discontinued their pursuit for safety reasons.

Thereafter, officers responded to 4142 Finney Avenue, the same address where Defendant's vehicle was registered. The officers saw that Defendant had parked his vehicle approximately 100 feet away from the residence. The officers further observed Defendant "frantically" beating on the townhome's rear door. The officers yelled out, "Police stop! You're under arrest!" In response, Defendant clutched his satchel and ran east through a heavily vegetated

area before jumping over the fence located at or near 4128 Finney Avenue. It is the United States' position that Defendant possessed and subsequently dropped a black, semi-automatic pistol, sometime prior to scaling the fence. Police retrieved the firearm and then maintained a perimeter on the front side of 4142 Finney Avenue.

Moments later, police detained Defendant on the west side of 4148 Finney Avenue. Police struggled to gain control of Defendant's limbs and repeatedly yelled, "Stop resisting!" and "Show us your hands!" Defendant ignored their repeated commands, attempted to push himself up from the ground, and continued to resist arrest. Several additional officers responded to assist police with detaining Defendant, both while on scene and later at the Justice Center, where police had to lift Defendant from the ground into a jail cell. A computer inquiry later revealed that the recovered firearm had previously been reported as stolen.

Defendant admits that he knowingly possessed the recovered firearm, a Smith and Wesson make, M&P model, .40 caliber, semi-automatic pistol. The firearm was determined by an expert firearm examiner to have been manufactured outside of the State of Missouri, and therefore, had been transported across state lines, and in interstate commerce before Defendant's possession. The firearm also meets the definition of a firearm under 18 U.S.C. § 921(a)(3) in that it can expel a projectile by the action of an explosive and is, therefore, a firearm as defined under federal law.

Before December 17, 2020, Defendant had been convicted of at least one felony offense punishable by imprisonment for a term exceeding one year. At the time Defendant possessed the Smith and Wesson M&P, .40 caliber, semi-automatic pistol described above, he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Each of the facts above occurred within the Eastern District of Missouri.

5. **STATUTORY PENALTIES:**

Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence. **The joint recommendation provisions in Paragraph 2 shall not apply if Defendant is deemed to be an Armed Career Criminal.**

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    A. **Offense Conduct**:

        i. **Chapter 2 Offense Conduct**:

            a. **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2k2.1(a) and depends on, among other things, the nature of the Defendant's

criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

    **b.**  **Specific Offense Characteristics**:  The parties agree that the following Specific Offense Characteristics found in Section 2K2.1(b) apply: two levels should be added pursuant to Section 2K2.2(b)(4) because the firearm was stolen.

  ii.  **Chapter 3 Adjustments:**

    **a.**  **Reckless Endangerment During Flight:** The parties agree two levels should be added pursuant to Section 3C1.2 because Defendant recklessly created a substantial risk of death or bodily injury to another person in the course of fleeing from law enforcement.

    **b.**  **Acceptance of Responsibility**: The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and if Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the

information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B.**     **Estimated Total Offense Level:**  The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal. Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that Defendant is or is not an Armed Career Criminal.

**C.**     **Criminal History:**  The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

**D.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A. **Appeal:** Defendant has been fully apprised by Defense Counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i. **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

ii. **Sentencing Issues:** In the event the Court accepts the plea and sentences the Defendant consistent with the parties' joint recommendation of forty-two months or below that joint recommendation, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant consistent with the parties' joint recommendation of forty-two months or above that joint recommendation.

B. **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

C. **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

    A. **Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

    C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime he committed. These conditions will be restrictions on Defendant to which he will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands parole has been abolished.

    D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be

first used to pay any unpaid mandatory special assessment.

   E. **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

   G. **Forfeiture:** Defendant agrees to forfeit all of Defendant's interest in all items seized by law-enforcement officials during the course of their investigation.  Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.** **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

   In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that he has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from Defense Counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with Defense Counsel. Defense Counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

10.  **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free

will and that Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

5/31/21
Date

KOURTNEY M. BELL, #300171CA
Assistant United States Attorney

5/29/21
Date

SHAQUILLE KIRKENDOLL
Defendant

5/29/21
Date

ADAM FEIN, #52255MO
Attorney for Defendant

Page 12 of 12